**HAGNER & ZOHLMAN, LLC**
57 Kresson Road
Cherry Hill, New Jersey 08034
(856) 663-9090
Attorneys for the Plaintiff, Eileen Rothschild
Thomas J. Hagner, Esq. (#023401975)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN ROTHSCHILD,<br><br>　　　　　Plaintiff,<br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Civil Action No.:<br><br><br><br>**COMPLAINT** |

Plaintiff, Eileen Rothschild, by way of Complaint against Defendant, Lincoln National Life Insurance Company, says:

1. This is an action to redress the wrongful denial of long-term disability benefits rightfully due to the Plaintiff pursuant to the South Jersey Eye Physicians, P.A. Group Disability Plan underwritten by Lincoln National Life Insurance Company, of which she is a participant.

## **JURISDICTION AND VENUE**

2. This action is brought pursuant to Sections 502(a)(1)(B), (a)(1)(3), (c), and (g)(1), of ERISA, 29 U.S.C. §1132(a)(1)(B) and (g)(1).  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §502©(1) of ERISA, 29 U.S.C. §1132 ©(1).  Pursuant to §502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391© in that there were sufficient contacts in this District by Defendant including the marketing, selling and issuance of the subject policy of insurance as well as frequent contacts with the Plaintiff herein.

## PARTIES

4. Plaintiff, Eileen Rothschild, is a New Jersey resident residing at 501 Natchez Trail, Medford, New Jersey  08055.

5. Mrs. Rothschild is a participant in the health and welfare plan issued to her employer, South Jersey Eye Physicians, P.A. Group Disability Plan under Group Policy #10005494 ("the Policy").

6. The Policy at all times pertinent hereto was underwritten by Defendant, Lincoln National Life Insurance Company (hereinafter "Lincoln"), which is a corporation engaged in the marketing, selling, and issuance of insurance policies in the State of New Jersey, County of Burlington.

## FACTUAL BACKGROUND

7. Under the Policy Mrs. Rothschild is considered totally disabled if, during the Own Occupation Period, the participant "is unable to perform each of the main duties of his or her regulation occupation" due to "Injury or Sickness".  After the Own Occupation Period, Mrs. Rothschild is considered disabled if "due to an Injury or Sickness, the Insured Employee is unable to perform each of the main duties of any gainful occupation which his or her training, education or experience will reasonably allow."

8. Mrs. Rothschild was employed as an Optician with South Jersey Eye Physicians, P.A. up and until she was forced to cease working due to persistent, severe, unbearable eye pain triggered by certain activities such as reading and viewing computer screens.

9. Mrs. Rothschild was initially approved for long-term disability benefits, however, same were terminated at the closure of the Own Occupation Period on or about February 11, 2020.

10. On or about July 6, 2020, Mrs. Rothschild submitted an administrative appeal challenging the termination of her benefits referencing, among other things, her lack of improvement in condition as well as her fully favorable SSDI claim (which Lincoln worked closely with Mrs. Rothschild's SSDI attorneys on).

11. The appeal letter pointed out the fact that the February 2020 denial letter was premised upon two fundamental misunderstandings: (1) that her disability was based on her suffering from migraines and (2) that her symptoms had not lessened because of an improvement in her medical condition but rather from her avoidance of reading and screen-time.

12. The appeal further brought to Lincoln's attention the records of Dr. Allen, who opined that Mrs. Rothschild's restrictions included not using computer generated screens (due to her severe eye pain); and that she was unable to work due to her eye issues, that she cannot use computer screens, that she has light sensitivity, and that she cannot read for more than fifteen (15) minutes at a time.

13. In furtherance of the administrative appeal, Defendant was provided with correspondence from Dr. Angela Hou, a neurologist with Jefferson Health, who opined that Mrs. Rothschild's symptoms have gotten worse; that her headache disorder and associated eye pain "are significantly debilitating and requires her to avoid many triggering activities,

including reading and looking at cell phones or computer screens"; and that she "is unable to return to a job that would require her to perform any of the above triggering activities as part of her job duties."

14. Dr. Hou further noted that Mrs. Rothschild is scheduled to consult with a neuro-ophthalmologist for further evaluation.

15. Mrs. Rothschild also submitted medical records from Dr. Adam DeBusk at Will's Eye Hospital dated July 13, 2020.

16. Mrs. Rothschild's appeal stated further that there is no gainful employment that would permit Ms. Rothschild to continuously be excused to a dark environment until her symptoms abate.

17. Nevertheless, Mrs. Rothschild's administrative appeal was denied by letter dated September 29, 2020.

18. The appeal denial letter of September 29, 2020 erroneously concluded that Mrs. Rothschild's disabling conditions do not support the restrictions and limitations of her medical providers and continued to conflate the stabilization of Plaintiff's condition with medical treatment instead of a lack of reading and screen-time.

## FIRST COUNT – ERISA

19. The Defendant has wrongfully failed and refused to provide Plaintiff with the benefits she is entitled to receive pursuant to the subject long-term disability policy despite Plaintiff having duly made a claim and exhausted all necessary administrative remedies.

39. The failure of the Defendant to provide Plaintiff with long-term disability benefits is a violation of ERISA.

40. As a direct and proximate result of the aforesaid denial of benefits, Plaintiff has sustained, and continues to sustain, economic loss and damage.

41. Pursuant to §502(a)(1)(b) of ERISA, 29 U.S.C. §1132(a)(1)(b), Defendant is obligated to provide Plaintiff with all past and future benefits that have been wrongfully denied.

42. Defendant's failures include, but are not limited to, the failure to pay benefits.

43. Pursuant to §502(g)(1) of ERISA, 29 U.S.C. §1133(g) Defendant is also liable to Plaintiff for reasonable attorney's fees incurred and costs of this action.

**WHEREFORE**, Plaintiff, Eileen Rothschild, demands judgment against Defendant for:

1. An Order directing Defendant to provide Plaintiff benefits under the Plan;

2. An Order requiring Defendant to award to Plaintiff total disability benefits due and owing to her from the date of termination of benefits to the present, with an award of pre-judgment interest.

3. An Order declaring that Plaintiff is to continue to receive disability benefits in the future for as long as she continues to qualify for benefits under the Plan.

4. An Order requiring the Plan to continue to provide to Plaintiff all available benefits to which she is entitled as a disabled employee under the terms of the Plan and/or to instruct their agents, contractors or other entities, to establish all other benefits due to Plaintiff in her capacity as a disabled employee including, without limitation, continued medical, vision and dental insurance coverage, and continued life insurance coverage and pension credited service and vested service. Plaintiff shall be reimbursed all monies paid for such benefits from the termination of her disability claim to the present, including reimbursement of all premiums paid for such benefits.

5. Payment of reasonable attorney's fees pursuant to 29 U.S.C. §1132(g), costs incurred in this action; and for such other and further relief as the Court deems appropriate, fair, and just under the circumstances.

                                    **HAGNER & ZOHLMAN, LLC**
                                    Attorneys for Plaintiff

                                    BY: _/s/ **Thomas A. Hagner**_
Dated: 06/01/2021                                Thomas A. Hagner